IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KURT VUKONICH,

    Plaintiff,

vs.                                                          No. CIV 12-1294 JB/CEG

TOM HAVIL, CHRISTIAN HATFIELD,
ROBERT TEDROW, COSME D. RIPOL,
and ERIC MORROW,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on (i) the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed December 12, 2012 (Doc. 1)("Original Complaint"); and (ii) the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed February 4, 2013 (Doc. 8)("Amended Complaint").  Plaintiff Kurt Vukonich is incarcerated, appears pro se, and is proceeding in forma pauperis.   The Court will dismiss certain of Vukonich's claims.

The Court has the discretion to dismiss an in forma pauperis complaint sua sponte under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2).  The Court also may dismiss a complaint sua sponte under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 570 (2007).  In reviewing Vukonich's Original Complaint and Amended Complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations.  See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Original Complaint consists of six Counts and names a jail administrator, a state public defender, and a district attorney as Defendants.  The Original Complaint alleges that the Defendants caused Vukonich to remain incarcerated longer than the term of imprisonment that a state court imposed.  While Vukonich was confined at the San Juan County Detention Center, Defendant Tom Havil, the jail administrator, prevented him from filing a habeas corpus petition. When Vukonich expressed "reluctance to attend" mandatory religious services, Havil allegedly locked him down without justification on Sundays.  Havil also created a dangerous situation by inequitably distributing drinking milk and has deprived inmates of personal property.

The Amended Complaint arises from a separate prosecution and presents three claims against the same public defender as well as against two private attorneys.  Vukonich alleges that Defendant Cosme D. Ripol failed to call witnesses on Vukonich's behalf at trial, that Defendant Eric Morrow failed to file an appeal from his conviction, and that sufficient evidence did not support his sentence.  Defendant Christian Hatfield appointed Mr. Ripol and Mr. Morrow, and Hatfield was present when these violations occurred.  Vukonich asserts that Hatfield allowed the violations in retaliation for Vukonich's reporting him to the disciplinary board.  Vukonich contends that the Defendants' actions violated his civil rights, and he seeks damages and equitable relief.  The Court may not grant relief on Vulkonich's claims against the attorney-Defendants in this action.  First, the named defense attorneys did not act "under color of state law."  42 U.S.C. § 1983.  A complaint under § 1983 must allege facts demonstrating the two elements of the statute:

that a federal right was violated and that a person acting under color of state law caused the deprivation.  See Gomez v. Toledo, 446 U.S. 635, 640 (1980); Houston v. Reich, 932 F.2d 883, 890 (10th Cir. 1991).  In the absence of a factual basis for either element, a complaint under § 1983 does not state a claim for relief.  See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988)("To state a claim under § 1983, a plaintiff . . . must show that the alleged deprivation was committed by a person acting under color of state law.").  "The conduct of an attorney acting in his professional capacity while representing his client does not constitute action under color of state law for the purposes of § 1983."  Goetz v. Windsor Cent. Sch. Dist., 593 F. Supp. 526, 528 (N.D.N.Y. 1984), quoted with approval in Beedle v. Wilson, 422 F.3d 1059, 1073 (10th Cir. 2005).  This rule also applies to a public defender attorney.  See Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981); Harris v. Champion, 51 F.3d 901, 909-10 (10th Cir. 1995).

    Second, the prosecutor is immune from Vukonich's claims.  "It is well established that prosecutors are absolutely immune from suit under section 1983 concerning activities intimately associated with the judicial process, such as initiating and pursuing criminal prosecutions."  Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1480 (10th Cir. 1991).  "[A]cts undertaken by a prosecutor . . . which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."  Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).  The only allegation against the prosecutor, Defendant Robert Tedrow, is that he somehow participated in the miscalculation of pre-sentence credit against Vukonich's term of imprisonment.  Even if true, this allegation "concern[s] activities intimately associated with the judicial process," Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d at 1480, and does not overcome Mr. Tedrow's immunity.  The Court will therefore dismiss Vulkonich's claims against Mr. Hatfield, Mr. Tedrow, Mr. Ripol, and Mr. Morrow.

Nor do Vukonich's allegations of Havil's inequitable distribution of drinking milk and deprivation of personal property support claims for relief. Vukonich makes no allegation that Havil endangered <u>him</u> or confiscated <u>his</u> property. These two claims thus find no support in the allegation of "relevant actual injury, . . . that constitutional prerequisite." Lewis v. Casey, 518 U.S. 343, 351 (1996). The Court will dismiss these claims. Havil will be required to respond to Vukonich's allegations of illegal excessive confinement, denial of access to the courts, and violations of his rights under the First Amendment to the United States Constitution.

**IT IS ORDERED** that (i) the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed December 12, 2012 (Doc. 1)("Original Complaint"), and (ii) the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed February 4, 2013 (Doc. 8)("Amended Complaint"), are dismissed with prejudice. Accordingly: (i) Plaintiff Kurt Vukonich's allegations in the Original Complaint against Defendants Christian Hatfield and Robert Tedrow are dismissed with prejudice; (ii) Hatfield, Tedrow, Defendant Cosme D. Ripol, and Defendant Eric Morrow are dismissed as parties to this action; (iv) the claims in Counts V and VI of the Original Complaint are dismissed with prejudice; and (v) the Clerk is directed to issue notice and waiver of service forms, with a copy of the Original Complaint, for Havil on Vukonich's claims in Counts I, II, III, and IV.

                                            _____
                                            UNITED STATES DISTRICT JUDGE

*Parties*:

Kurt Vukonich
Lea County Correctional Facility
Hobbs, New Mexico

    *Plaintiff pro se*